■ CITY OF NIAGARA FALLS, Appellant, v. RUBY M. RIZZO, Respondent, et al., Defendants.— Order unanimously reversed on the law and facts and a new trial granted before other commissioners unless the defendant shall, within 10 days, stipulate to reduce the award to the sum of $44,800, in which event the order is modified accordingly and, as so modified is affirmed, without costs of this appeal to any party. Memorandum: The commissioners awarded $21,000 for the land taken for a highway across the land of defendant Rizzo and $48,800 for consequential damages to the remainder, or a total of $69,800. This award was grossly excessive. The appraisers for Rizzo based their opinions of valuation upon the premise that the highest and best use of the property was for a shopping plaza. They testified that in order to develop this use it was essential that the plaza developer obtain the tenancy of a large "Triple A" store of national standing. Before the taking, the property was subject to a 15-foot easement for a sewer line which was located in the center of the land taken for the highway. In determining the amount of the award it appears that the commissioners did not give sufficient consideration to the existence of the easement which in itself restricted the full and absolute use of the property in any manner desired by the plaza developer, the owner, or the so-called "Triple A" store. The easement is of such nature that no building could be

placed upon the portion of the land thus incumbered. Therefore, the location of buildings upon the land would have to be determined not simply by the needs or desires of the prospective tenants but also by the existence of this easement. This presents an obstacle to a full and unlimited right to use all parts of the property in any manner desired. The award should be reduced to $44,800 which we find was the loss in the fair market value of the property as the result of the taking. If the defendant Rizzo will not stipulate to accept such amount with interest from the date of filing of the judgment of condemnation a new trial should be had before other commissioners. Except for such reduction the order appealed from should be affirmed. (Appeal from order of Niagara County Court confirming an award to defendant Ruby Mae Rizzo, in a condemnation proceeding.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.